IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DWANA HOLMES,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 07-0366-CG-M** |
| | ) |
| **PROGRESSIVE HAYCYON INSURANCE** | ) |
| **COMPANY, et al.,** | ) |
| | ) |
|    **Defendants.** | ) |

## ORDER

This action was removed to this court on May 21, 2007, by defendant Progressive Halcyon Insurance Company. (Doc. 1). Progressive represented that because plaintiff settled any and all claims with defendant Rudona Good, the case became appropriate for removal. However, because Progressive did not include a copy of a stipulation of dismissal or a copy of an order from the Circuit Court of Mobile County dismissing Rudona Good, this court ordered Progressive to file such supporting documents. (Doc. 9). Progressive responded that the claims against Rudona Good had been settled and that it was unknown why plaintiff had not yet filed the stipulation of dismissal. (Doc. 10). Subsequently, Progressive filed a copy of a stipulation of dismissal which was filed in the Circuit Court of Mobile County on June 14, 2007. (Doc. 11).

A court "must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir.2001); see also Fitzgerald v. Seaboard System R.R., Inc., 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever

the possibility that jurisdiction does not exist arises."); 28 U.S.C.A. § 1446(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  In this case, the court finds that the court lacks subject matter jurisdiction because the parties are not completely diverse.  The question of diversity subject matter jurisdiction is determined on the plaintiff's pleadings at the time of removal. Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1306 (11th Cir. 2001) (citing Pullman v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939) and Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir.1989)).  Although Progressive asserts that the claims against the non-diverse defendant were settled prior to removal, the non-diverse defendant had not been dismissed from the suit.  The parties' attempt to dismiss Rudona Good after removal by filing a notice of dismissal with the Circuit Court after removal was non-effectual as the case was not before the Circuit Court at that time.  Even if the filing were proper, the dismissal of the non-diverse party subsequent to removal does not cure the jurisdictional problem.  At the time of removal, complete diversity did not exist in this case.  Therefore, the case is due to be remanded for lack of jurisdiction.

## **CONCLUSION**

For the reasons stated above, this case is hereby **REMANDED** to the Circuit Court of Mobile County, Alabama.

**DONE and ORDERED** this 27th day of June, 2007.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE