### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| DWANA HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 07-0366-CG-M |
| | ) |
| PROGRESSIVE HALCYON INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

This action is before the court on the motion of Progressive Halcyon Insurance Company for relief from order of remand. (Doc. 13). The court remanded this case for lack of jurisdiction. Although all claims against Rudona Good, a non-diverse party, had apparently been settled amongst the parties, the non-diverse party had not been dismissed from the case at the time of removal. Thus, the court found that the non-diverse party still remained in the case resulting in a lack of complete diversity. In addition, Rudona Good did not join in the removal of this action. Progressive Halcyon now argues that diversity jurisdiction was proper because at the time of removal, due to the settlement of claims, the non-diverse party constituted a "nominal party" that no longer had any interest in the case.

However, Progressive Halcyon has submitted no case law concluding that a party becomes nominal upon the parties agreeing amongst themselves that the claims against that party are settled. The court is aware of no cases where parties have been found to be nominal upon settlement of claims prior to the filing of a stipulation of dismissal or for judgment to be entered with the court. In fact, the courts that have considered the issue appear to indicate that such

1

parties will not be considered nominal until a stipulation of dismissal or for entry of judgment has been filed with the court. See e.g. Bradley v. Md. Cas. Co., 382 F.2d 415, 419 (8th Cir.1967) (defendant is nominal party when "record contains a written stipulation between ... plaintiff, and ... defendants, as to the compromise and settlement of the ... action."); Reko v. Creative Promotions, Inc., 70 F.Supp.2d 998, 1001 (D.Minn.1999) (defendant became a nominal party by virtue of finalized settlement and stipulation for entry of judgment); see also Hernandez v. Seminole County, Fla., 334 F.3d 1233 (11th Cir. 2003) (finding unreviewable the district court's finding that defendants against whom all claims had been limited by agreement were not nominal parties and must consent to removal to satisfy unanimity requirement).   In this case, the state court record at the time of removal contained no indication that the case had been settled as to any of the parties, nor was there any sort of stipulation for dismissal or entry of judgment. Therefore at the time of removal, Rudona Good was not a nominal party.

## CONCLUSION

For the reasons stated above, the motion of Progressive Halcyon Insurance Company for relief from order of remand (Doc. 13) is **DENIED**.

**DONE and ORDERED** this 10th day of July, 2007.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE